**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
:
WILLIE L. GOODMAN,            :
                              :    Civil Action
            Petitioner,       :    09-5371 (RBK)
                              :
      v.                      :    **O P I N I O N**
                              :
JEFF GRONDOLSKY,              :
                              :
            Respondent.       :
_____:

**Kugler**, District Judge:

    This matter comes before the Court upon Petitioner's submission of § 2241 application and Respondent's answer to the same, see Docket Entries Nos. 1 and 6, and Petitioner's traverse. See Docket Entry No. 8. For the reasons stated below, Petitioner's § 2241 application will be denied.

**I.   BACKGROUND**

    Petitioner's currently served federal sentence ensues from the events of January 30, 1998, and February 24, 1998, when he sold crack cocaine to undercover agents of the Drug Enforcement Administration. Since Petitioner committed these offenses while being on parole on his pre-existing State-imposed sentence, the State authorities remanded him to state custody and imposed a sentence on the grounds of parole violation. With regard to that sentence, Petitioner was credited with all prior custody credits.

Upon Petitioner's aforesaid arrest, the primary jurisdiction vested with the State, which necessitated his temporarily release to the federal authorities on June 4, 1998, pursuant to a writ of habeas corpus ad prosequendum. On June 21, 1999, Petitioner was sentenced, in this District, to 198-month term of imprisonment; his sentencing order unambiguously directed that Petitioner's federal term of imprisonment should run consecutively to his then-served State term of imprisonment imposed on the grounds of his parole violation.

On April 7, 2000, the State paroled Petitioner into federal custody, and his federal term began running. The Bureau of Prisons ("BOP") did not award Petitioner any prior custody credit because it had already been credited against his State sentence.

Upon his federal incarceration, Petitioner filed numerous actions challenging, inter alia, his state sentence (these challenges were raised by means of four different applications for a writ of error coram nobis, see Goodman v. Menifee, Civil Action No. 02-4156 (GEB) (D.N.J.); Goodman v. USA, Civil Action No. 04-4746 (GEB) (D.N.J.); Goodman v. USA, Civil Action No. 09-4800 (GEB) (D.N.J.); and Goodman v. United States, Civil Action No. 09-6570 (GEB) (D.N.J.), and were denied for lack of jurisdiction).

Starting from December 18, 2008, Petitioner began filing formal administrative grievances seeking to credit his federal

term with the custody credit already awarded to him for the purposes of his state sentence, although these grievances stated, for the reasons not entirely clear to this Court, that Petitioner's credit should be due for the period running from March 25, 1999, to April 7, 2000 (i.e., the date when his federal sentence began running).  Petitioner asserted that this credit was due to him because he had become "eligible" for parole on his State term (imposed as a result of his parole violation) on March 25, 1999.  See Docket Entry No. 6-2, at 17, 20, 22.

Having these requests for administrative remedy denied at all three levels of the BOP, Petitioner filed the Petition at bar raising, initially, the same challenges.

Respondent's answer asserted that Petitioner's application was without merit since: (a) the credit Petitioner was referring-to was already awarded against his state sentence; and (b) the fact of when Petitioner became "eligible" for parole from his state sentence into federal custody was of no relevance to the BOP's calculation of Petitioner's term.

Being served with Respondent's answer, Petitioner qualitatively changed his position, raising an argument not presented for administrative review at any level of the BOP. Specifically, he:

(a)   partly revived his coram nobis challenges to the state sentence (asserting that the actual sentence he served in

state custody exceeded the sentence that he believed he should have served)[1] in order to conflate them with his assertion that his federal sentence should have been deemed started when he became "eligible" under his State sentence; but simultaneously

(b)  conceded that his federal term of imprisonment commenced on the date when he was actually received in the federal custody; and yet still simultaneously

(c)  asserted that he should have been awarded Barden credit for the period running from the point of his "eligibility" for parole under the state sentence and until the date when he was actually received in the federal custody.[2]

**II. DISCUSSION**

    **A.**   **Petitioner's Original Challenges**

Petitioner's original challenges are without merit, as extensively detailed in Respondent's well-organized answer (providing a detailed discussion of the pertinent legal regime and its bases) and exhibits (providing a detailed treatment of

---

[1] Petitioner's coram nobis challenges, dismissed four times around in his previous actions, will not be entertained in this matter, since another recital of the same legal reasoning appears superfluous. Petitioner is referred to the above-cited four decisions dismissing his coram nobis challenges for lack of jurisdiction.

[2] For a full measure, Petitioner also wedged into the last sentence of his traverse a reference to Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002).

Petitioner's underlying state and federal records). Since this Court is writing for the parties only, and there is no need for the Court to recite to Petitioner the information already served upon him, it shall suffice to merely summarize Respondent's key points which are:

(a) Computation of a federal sentence is the responsibility of the Attorney General, which has been delegated to the BOP. Such computation involves two separate determinations: (i) as to the date on which the federal sentence commences, under 18 U.S.C. § 3585(a); and (ii) as to the amount of prior custody credit, if applicable, under 18 U.S.C. § 3585(b);

(b) For the purposes of the commencement date calculation, the inmate's custody begins on the date when (s)he is physically "received" in custody, be it by means of awaiting for transportation or by voluntarily entering the official detention facility where the sentence at issue will be served. Here, there is no question that Petitioner was received in the federal custody on April 7, 2000, and – hence – the date of Petitioner's "eligibility" for parole under his state sentence is of no import for the purposes of calculating his federal commencement date;

(c) For the purposes of Petitioner's prior credit calculation, Petitioner is entitled to no credit. Petitioner was already

    awarded all prior credit due to him by having that credit counted against his state sentence (and – under the BOP Program Statement 5880.28, it is presumed that the state awarded Petitioner that credit in its entirety, and Petitioner at no point asserted otherwise). Since 18 U.S.C. § 3585(b) bars award of double credit, the already-awarded credit cannot be counted against Petitioner's federal term; and

(d) Petitioner's generic argument (asserting that he is entitled to concurrence of his sentences) is without merit. Even regardless of the unambiguous Section 3584(a) clarification that "[m]ultiple terms of imprisonment imposed at different times [are presumed to] run consecutively," here, there cannot be any question as to the concurrence/consecutiveness aspect, since the federal court sentencing Petitioner expressly directed consecutive sentences.

The Court agrees with Respondent's reasoning, and finds the Petition subject to dismissal on the grounds detailed in Respondent's answer.

    **B.    <u>Petitioner's New Challenges</u>**

In light of Petitioner's "changing horses in midstream" as a result of his sudden assertion that he is due a <u>Barden</u> credit (and in light of his closing-line reference to <u>Ruggiano</u>), the Court finds it warranted to addressed these challenges.

At the outset, the Court notes that Petitioner's <u>Barden</u> and <u>Ruggiano</u> challenges are: (a) improperly raised (since a litigant cannot plead claims in any non-pleading document, be it moving papers, an opposition to adversaries' motion, the litigant's traverse, etc, <u>see</u>, <u>e.g.</u>, <u>Bell v. City of Phila.</u>, 275 Fed. App'x 157, 160 (3d Cir. 2008); <u>Gilmour v. Gates, McDonald & Co.</u>, 382 F.3d 1312, 1315 (11th Cir. 2004); <u>Veggian v. Camden Bd. of Educ.</u>, 600 F. Supp. 2d 615, 628 (D.N.J. 2009)); and (b) entirely unexhausted administratively.  Therefore, these claims are subject to dismissal on these two grounds.

However, the Court finds dismissal on merits warranted. <u>Cf.</u> 28 U.S.C. § 2243 (A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto"); <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); <u>see</u> <u>also</u> <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir.), <u>cert.</u> <u>denied</u>, 490 U.S. 1025 (1985).

### 1. *Barden* Challenges

As noted <u>supra</u>, the authority of the Attorney General to compute prisoners' terms is delegated to the BOP, pursuant to 28

C.F.R. § 0.96. This delegated-to-the-BOP authority is affected by numerous statutes and regulations, one of which is 18 U.S.C. § 3621(b). Under Section 3621(b), the BOP has discretion -- i.e., the BOP may but not must -- designate, nunc pro tunc, a state facility where a prisoner served his state sentence as a facility where the prisoner was serving his federal sentence. Typically, such discretionary § 3621(b)-based designations are utilized with respect to those federal sentences where the federal judge *could not* order concurrence simply because the state sentence *was not yet imposed* at the time of the federal sentencing. If – under such circumstances – the BOP grants a Section 3621(b) designation, such discretionary designation is popularly referred-to as "Barden credit": because that unique sequence of events was addressed by the Court of Appeals in Barden v. Keohane, 921 F.2d 476.

The holding of Barden, however, is facially inapposite here, since the federal court sentencing Petitioner could, indeed, direct concurrence (because Petitioner's state term was already imposed and running) but elected to expressly order consecutive sentences. Therefore, Petitioner's newly-minted Barden challenges are without merit and will be dismissed.[3]

---

[3] Moreover, even if the imposition of Petitioner's state sentence were still pending at the time of Petitioner's federal sentencing, the federal court's decision to sentence Petitioner to consecutive terms necessarily precluded any BOP's grant of Barden credit, since the BOP's discretionary powers could not

  **2.**  *Ruggiano* **Challenges**

> Petitioner's brief reference to Ruggiano fares no better.
>
> Backdating a federal sentence conflicts with 18 U.S.C. § 3585(a), which states that a federal prison term may commence only when the defendant is received into custody. Furthermore, the term "credit" can refer to different concepts. The award of "credit" against a sentence, as described under 18 U.S.C. § 3585(b), is within the exclusive authority of the BOP. [See] United States v. Wilson, 503 U.S. 329, 333-34 (1992); Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002) (noting additionally that "credit" is a term of art as used in § 3585(b)). In contrast, a [federal sentencing] court has authority, pursuant to Guidelines § 5G1.3(c), to fashion a sentence that accounts for time already served, and "credit for time served on a pre-existing state sentence is within the exclusive power of the sentencing court." Ruggiano, 307 F.3d at 132; U.S.S.G. § 5G1.3(c) & cmt. n.3(E); see also 18 U.S.C. § 3584 (permitting concurrent terms of imprisonment) . . . see also Ruggiano, 307 F.3d at 133 ("[W]e encourage sentencing courts in the future to avoid using the term 'credit' to refer to § 5G1.3 adjustments so as not to engender any unnecessary confusion").

United States v. Gaskins, 2010 U.S. App. LEXIS 19352, at *7-8 (3d Cir. Sept. 16, 2010).

  Here, the federal court sentencing Petitioner was well aware of its authority to adjust Petitioner's federal term in accordance with its powers articulated in Ruggiano but elected not to order such adjustment. Since the BOP has no power to perform a judiciary function and alter the sentencing decision entered by Petitioner's federal court, his Ruggiano challenges will be dismissed as facially inapposite to the case at bar.

---

override an express sentencing decision made by a federal court.

**III. CONCLUSION**

For the foregoing reasons, Petitioner's § 2241 application will be denied.

An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
**ROBERT B. KUGLER**
**United States District Judge**

Dated: December 3, 2010